■ MIRTA COHEN et al., Plaintiffs, v GENERAL CINEMA CORP., Doing Business as BAY PLAZA CINEMA, Defendant and Third-Party Plaintiff-Respondent. ERNEST TREGANOWAN, INC., Third-Party Defendant and Fourth-Party Plaintiff-Respondent, v HUDSON CARPET SERVICE, Fourth-Party Defendant-Appellant. (And a Second Third-Party Action.) [614 NYS2d 899] —Order, Supreme Court, Bronx County (Anita Florio, J.) entered July 12, 1993 which denied the motion of fourth-party defendant Hudson Carpet Service for summary judgment dismissing the fourth-party complaint and which denied the cross-motion of third-party defendant Ernest Treganowan, Inc. for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

Plaintiff tripped on an interior stairwell of defendant's movie theater. She alleges that the step on which she fell was in defective condition and that a piece of rubber was protruding from one of the steps resulting in her fall and consequent injury. Defendant movie theater has impleaded the general contractor, third-party defendant Ernest Treganowan, Inc., which installed the rubber treads and this third-party defendant has impleaded Hudson Carpet Service which actually performed the installation of the rubber tread.

We agree with the IAS Court that questions of fact exist as to the liability of both Treganowan and Hudson since there is proof in this record that the rubber tread selected for installation was inappropriate for a heavily traversed movie theater. Accordingly, issues of fact exist as to whether Treganowan breached its duty to inform defendant General Cinema of this fact. With respect to appellant Hudson Carpet, there is record evidence that the concrete floor upon which the treads were applied was to be dry and there is no evidence from Hudson that this requirement was complied with. Accordingly there exists a question of fact as to whether Hudson properly installed the rubber treads. Concur—Murphy, P. J., Wallach, Ross, Rubin and Williams, JJ.